UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 11-071-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JERRY BROOME, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Jerry Broome is currently serving a term of imprisonment of 188 months following his conviction for conspiring to distribute oxycodone pills in the Northern Kentucky area. [Record No. 277] This conspiracy involved several defendants located in Florida and Kentucky. Broome was the Florida supply source for the pills. On November 14, 2014, Broome moved the Court to modify or reduce his sentence based on recent changes in the drug quantity tables used to calculate guideline ranges for certain drug offenses under the United States Sentencing Guidelines. [Record No. 297] However, because Broome was determined to be a Career Offender under the United States Sentencing Guidelines ("U.S.S.G."), his guideline range is unaffected by the amendments.

The Career Offender provision provides:

(a)   A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the

   defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

 (b) Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI.

U.S.S.G. § 4B1.1. Under this section, if the statutory penalty for the offense of conviction is twenty-five years or more, the offense level is adjusted to 34, subject to a reduction for acceptance of responsibility. This provision has not been modified by the recent guideline amendments.

  Broome entered a guilty plea to Counts 1 and 7 of the superseding indictment without the benefit of a written plea agreement. However, he acknowledged at the time of his guilty plea that he had two qualifying drug convictions subjecting him to enhanced penalties. Further, his prior qualifying convictions are identified in his Presentence Investigation Report.

  Broome's PSR indicates that, based on the drug quantity attributed to him in this case, the Base Offense Level used to calculate his guideline range under the U.S.S.G.s would have been 32. However, because of his status as a Career Offender, the offense level was increased to 34. Broome then received a three-level reduction for acceptance of responsibility which lowered his Total Offense Level to 31. Additionally, based on his status as a Career Offender, his Criminal History Category was determined to be VI. Thus, his guideline range was calculated to be 188 to 235 months of imprisonment. During allocation, Broome's attorney argued for a sentence below his guideline range, while the United States argued for a sentence in the middle of the guideline range. The government asserted that Broome was a career

offender "in every sense, factually and legally." Further, counsel for the United States pointed to the seriousness of the offense (being a multi-state, multi-defendant, prolonged conspiracy), the defendant's propensity to committing drug offenses, the need to provide sufficient deterrence and the need to protect the public from future crimes by Broome. In addressing these arguments, the Court first noted that the guidelines provided a starting point, but not the ending point, for determining an appropriate sentence. And after pointing out the damage caused by illegal drug use and the positive characteristics of the defendant (including his remorse for the offense), the Court ultimately determined that a sentence of 188 months was sufficient, but not greater than necessary, to meet the goals of sentencing under 18 U.S.C. § 3553(a). ,

Based on the recent changes in the Drug Quantity Table, Broome argues that the Base Offense Level for the quantity of drugs attributable him should be reduced by two levels. However, he is incorrect. Because of his status as a Career Offender under U.S.S.G. § 4B1.1, the Base Offense Level (regardless of whether it was 30 or 32 originally), is increased to 34. Thus, his non-binding guideline range of 188 to 235 months of imprisonment remains unchanged and 18 U.S.C. § 3582(c)(2) is inapplicable. Accordingly, it is hereby

**ORDERED** that Defendant Jerry Broome's motion for a modification or reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) [Record No. 297] is **DENIED**.

This 26th day of November, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge